The STATE of Ohio, Appellee,

v.

McDOWELL, Appellant.

[Cite as *State v. McDowell,* 150 Ohio App.3d 413, 2002-Ohio-6712.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 01 CA 150.

Decided Dec. 5, 2002.

Dionne Almasy, Youngstown Assistant Director of Law, for appellee.

William Bagnola, for appellant.

VUKOVICH, Presiding Judge.

{¶ 1}   Defendant-appellant Terrell McDowell appeals from his conviction from the Youngstown Municipal Court for violating Youngstown City Ordinance 539.07(b), playing of sound devices in motor vehicles prohibited.   This appeal presents three issues.   First, whether case jackets from prior municipal court cases involving violations of Youngstown City Ordinance 539.07(b) were admissible to prove prior convictions of this ordinance;   second, whether the trial court erred by overruling McDowell's objection to the admission of the case jackets when the state failed to file a brief in support of the case jackets' being filed;   and third, whether the decision of one municipal court judge in a case binds another municipal court judge to that decision in a different case.   For the reasons discussed below, the judgment of the trial court is hereby affirmed.

## STATEMENT OF FACTS

{¶ 2}   On August 2, 2000, Officers Riley and Chaibi were investigating a situation where an alarm had gone off.   While they were on the street discussing the case, they heard loud music approximately a block away.   The music was coming toward them.   Both officers described the music as very loud, and they could not continue their conversation due to the volume of the music.   Officer Riley yelled at the driver, McDowell, to turn the music down.   McDowell did not respond.   The officers believed that McDowell could not hear Officer Riley.   McDowell was cited for violating Youngstown City Ordinance 539.07(b), playing sound devices in motor vehicles prohibited.

{¶ 3}   The case went to trial in Youngstown Municipal Court.   At trial, the state attempted to introduce the case jackets from two prior cases where McDowell was cited for and found guilty of violating Youngstown City Ordinance 539.07(b).   The trial court admitted the case jackets of prior convictions of Youngstown City Ordinance 539.07(b).   McDowell objected to the admittance of this evidence.   The trial court requested that both parties file post-trial briefs on whether the case jackets could constitute evidence of prior convictions.   The state and McDowell failed to file briefs.   On February 5, 2001, the trial court overruled McDowell's objection to the admission of the prior record.   The trial court found him guilty of violating Youngstown City Ordinance 539.07(b).

{¶ 4}   While McDowell's case was proceeding, on January 18, 2001, Judge Kobly ruled in another case that portions of Youngstown City Ordinance 539.07(b) were unconstitutional.   That court stated that "this and all other pending cases shall be scheduled for trial where it shall be determined whether, under the facts and circumstances of each individual case, any given defendant has violated the remainder of the ordinance."   In McDowell's case, Judge Milich

did not mention the above finding in the February 5, 2001 holding. McDowell was sentenced on March 2, 2001. This timely appeal followed.

## ASSIGNMENT OF ERROR NO. ONE

{¶ 5} "The trial court erred in finding beyond a reasonable doubt that defendant-appellant, Terrell McDowell, had been convicted previously of loudly playing a sound device in a motor vehicle."

{¶ 6} McDowell argues that the case jackets from the previous cases are not a typical journal entry and cannot be admitted into evidence as prior convictions. Therefore, he objected to the admission of the case jackets and contends that the case jackets are not sufficient to show these are his prior convictions.

{¶ 7} R.C. 2945.75(B) states that when it is necessary to prove a prior conviction, a certified copy of the entry of judgment in the prior conviction along with evidence sufficient to identify the defendant named in the entry as the offender in this current conviction is needed. Journalization has to occur to create a valid journal entry. To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, a judge signs it, and it is filed with the clerk so that it may become a part of the permanent record of the court. *State v. Ellington* (1987), 36 Ohio App.3d 76, 78, 521 N.E.2d 504. Handwritten notations by a municipal judge on a case jacket can rise to the dignity and finality of a "judgment" when there is also evidence that it has been filed with the clerk of the trial court. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 337, 686 N.E.2d 267, citing *William Cherry Trust v. Hofmann* (1985), 22 Ohio App.3d 100, 105, 22 OBR 288, 489 N.E.2d 832. A time-stamped date offers some evidence of its filing. *Ellington,* supra. Therefore, a case jacket can constitute a journal entry.

{¶ 8} Journal entries of prior convictions of this ordinance are required to prove the crime in which he is charged this time. The first violation of Youngstown City Ordinance 539.07 is a minor misdemeanor. Youngstown City Ordinance 539.99. Any subsequent offense is a third-degree misdemeanor. Id. Escalation of the degree of an offense requires journalized proof of prior convictions. *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494; *State v. Gordon* (1971), 28 Ohio St.2d 45, 57 O.O.2d 180, 276 N.E.2d 243. McDowell's prior conviction is therefore an element of the offense which the state must prove. *Gordon,* supra.

{¶ 9} The case jackets of the prior convictions were admitted into evidence at trial as state's exhibit one. As explained above, if these case jackets meet certain requirements, they constitute journal entries. As originally filed, the record was incomplete in that it did not contain state's exhibit one. McDo-

well was given the opportunity to supplement the record to provide this court with either state's exhibit one or an agreed statement of the record. On October 8, 2002, McDowell filed with this court a statement of evidence that was signed by both the city prosecutor and McDowell's counsel. However, it was not signed by the trial court. App.R. 9(C). Therefore, the record is incomplete and does not contain state's exhibit one, copies of the certified case jackets from McDowell's prior convictions of Youngstown City Ordinance 539.07(b). Without state's exhibit one, we cannot determine whether the case jackets met the requirements for a journal entry. McDowell attached as an exhibit to his brief what purports to be the case jackets of the two prior convictions. However, they are not part of the record and are not properly before this court. App.R. 9. Furthermore, we afforded McDowell the opportunity to supplement the record by producing either state's exhibit one or creating a record in accordance with App.R. 9(C). The record was not supplemented. It was McDowell's burden to provide the portions of the record necessary to support his argument on appeal. App.R. 9(B). The exhibit of the case jackets of prior convictions was necessary to support his arguments on appeal. Without the case jackets, we must presume the regularity of only those exhibits that were admitted at trial. *Sposit v. Navratil* (1991), 72 Ohio App.3d 493, 595 N.E.2d 467. This assignment of error is therefore without merit.

## ASSIGNMENT OF ERROR NO. TWO

{¶ 10} "The finding of guilty by the trial court without opportunity for the defendant-appellant to file his brief was contrary to law and constituted an abuse of discretion."

{¶ 11} At the end of the trial, the court ordered the state and McDowell to file briefs regarding the issue of the case jackets' being entered as evidence of journal entries and whether the elements required the state to prove that the volume of the music did disturb the quiet, comfort, and repose of other persons. The state was ordered to file its brief after the first of the year, and McDowell would have a couple weeks after that to file a response. Neither the state nor McDowell filed a brief. McDowell insists that the trial court cannot dismiss his motion based upon his failure to file a response brief when the state failed to file a brief in which he was required to respond. McDowell insists that he was denied due process because he had no opportunity to be heard on the merits.

{¶ 12} Due process requires the right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 459, 668 N.E.2d 457. The court laid out the issues clearly. It is obvious that the state would argue that the case jackets are journal entries. McDowell knew the issues and had the opportunity to argue his point in

a brief regardless of whether the state filed a brief on the issue. Furthermore, the trial court admitted the case jackets because it determined that they were journal entries, not because McDowell failed to file a brief. This assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. THREE

{¶ 13} "Defendant was convicted under Section 539.07 of the Youngstown Municipal Code which had previously been declared by a judge of the Youngstown Municipal Court to be void for vagueness and overbroad."

{¶ 14} McDowell argues that Judge Milich is bound by Judge Kobly's decision in another case that certain language in Youngstown City Ordinance 539.07 is unconstitutional. Judge Kobly ruled on January 18, 2001, that a portion of Youngstown City Ordinance 539.07 was unconstitutional. Youngstown City Ordinance 539.07(b) states:

{¶ 15} "Playing of Sound Devices in Motor Vehicle Prohibited. (1) No person shall play any radio, music player or an audio system in a motor vehicle at such volume as to disturb the quiet, comfort, or repose of other persons or *at a volume which is plainly audible to persons other than the occupants of said vehicle.*" (Emphasis added.)

{¶ 16} Judge Kobly ruled that the italicized portion is unconstitutionally broad. Judge Kobly cites to case law where ordinances have survived constitutional challenges. These cases have held that music that is plainly audible at a certain specified distance, such as 100 feet, is constitutional. *Tiffin v. McEwen* (1998), 130 Ohio App.3d 527, 720 N.E.2d 587; *Edison v. Jenkins* (June 7, 2000), 5th Dist. No. CA 893, 2000 WL 873692; *State v. Boggs* (June 25, 1999), 1st Dist. No. C–980640, 1999 WL 420108. Judge Kobly went further to state that the balance of section (b) is constitutional. *State ex rel. Mirlisena v. Hamilton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 597, 622 N.E.2d 329 (holding that the invalidity of one section of a statute does not render the entirety of the statute void since the sections are severable).

{¶ 17} While the decisions of sister courts are entitled to due consideration and respect, a court is not bound by those decisions. *Hogan v. Hogan* (1972), 29 Ohio App.2d 69, 77, 58 O.O.2d 80, 278 N.E.2d 367 (discussing court of appeals' following other court of appeals decisions). Also, a court is not unalterably bound to follow the precedent of a rule previously announced by it. *State v. George* (1975), 50 Ohio App.2d 297, 309–311, 4 O.O.3d 259, 362 N.E.2d 1223 (discussing court of appeals' following their own previous decisions). As such, one municipal court judge is not bound by another municipal court judge's determination that a city ordinance is unconstitutional.

{¶ 18}   Furthermore, McDowell was found guilty of playing "any radio, music player or audio system in a motor vehicle at such volume as to disturb the quiet, comfort or repose of other persons.'"   2/5/01 J.E. This court recently has held that this language in Youngstown City Ordinance 539.07(b)(1) is constitutional. *State v. Cornwell,* 149 Ohio App.3d 212, 2002-Ohio-5178, 776 N.E.2d 572; *State v. Cole,* 7th Dist. No. 01CA73, 2002-Ohio-5191.   As such, the trial court did not err in finding McDowell guilty of violating Youngstown City Ordinance 539.07(b)(1).

{¶ 19}   For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

WAITE and DEGENARO, JJ., concur.