OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Community Resource Center, appeals the decision of the Columbiana County Court of Common Pleas that ordered that certain funds held by the Columbiana County Clerk of Courts be released to Plaintiff-Appellee, Lyon Financial Services, Inc., in satisfaction of a judgment. CRC argues that the funds in question were for federally funded programs and, therefore, are exempt from garnishment. But the record contains no evidence supporting this claim. There is no transcript or App.R. 9 equivalent of the garnishment hearing. Without a record to the contrary, we must presume the regularity of the trial court's proceedings and affirm its decision.
 Facts {¶ 2} Lyon Financial entered into a lease agreement with CRC. CRC failed to perform all its obligations under that agreement and Lyon Financial filed a complaint seeking $32,791.98 in damages. CRC never answered the complaint and Lyon Financial moved for default judgment. The trial court granted that motion and awarded Lyon Financial damages in the amount specified in the complaint.
 {¶ 3} Lyon Financial attempted to garnish "any and all accounts maintained by" CRC with Skybank. Skybank then deposited the funds from those accounts with the Columbiana County Clerk of Courts. That same day, CRC objected, claiming that some of the accounts subject to the garnishment proceedings were federally funded accounts exempt from garnishment.
 {¶ 4} The trial court heard the matter and noted that CRC appeared at the hearing, "but failed to present sufficient evidence or law upon which this Court can determine the funds garnished are exempt under Ohio law and should not be released to the creditor." It then ordered that the funds held by the Clerk of Courts be released to Lyon, which CRC timely appeals.
 Lack of Record {¶ 5} CRC's sole assignment of error on appeal argues:
 {¶ 6} "The trial court erred and abused its discretion to the prejudice of the Appellant when it ordered the disbursement of federally funded accounts held by the clerk of court for the satisfaction of a judgment creditor's judgment."
 {¶ 7} CRC argues that the trial court abused its discretion when it ordered that the funds be released since the funds in question were federal funds exempt from garnishment. The problem with CRC's argument is that the record contains absolutely no evidence that the funds in question are federal funds. Without this evidence, CRC's argument is unreviewable.
 {¶ 8} CRC contends that a letter from "A.S. Fricano Co., CPA" demonstrates that the funds in question were federal funds and it attaches a copy of that letter to its appellate brief. But that letter and its contents are not properly before us on appeal for two reasons.
 {¶ 9} First, as we have previously recognized, exhibits attached to an appellate brief are not part of the record and cannot be considered on appeal. State v. McDowell,150 Ohio App.3d 413, 2002-Ohio-6712, ¶ 9. So unless the letter CRC refers to is in the trial court record, and it is not, we may not consider it on appeal.
 {¶ 10} Second, the record contains no transcript from the hearing before the trial court. This would have been the only opportunity for CRC to present the letter to the trial court. In its praecipe, CRC requested that a complete transcript of that hearing be prepared, but the court reporter responded that no record of that hearing was taken. CRC has not attempted to remedy this situation or submit one of the App.R. 9 alternatives. It is the appellant's duty to provide this court with the material it needs for appellate review.
 {¶ 11} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 12} "This court has previously explained the consequences of failing to provide a transcript of the proceedings when assigning error to evidentiary rulings. In J.F. Smith Plumbing Heating v. McNamara (Apr. 25, 1985), Mahoning App. No. 83CA17, unreported, 1985 WL 10429, we observed:
 {¶ 13} "`There has been no transcript of proceedings filed by the appellant in this case. All of the allegations of the appellant under his assignments of error deal with statements of the trial judge and evidence presented and cannot be reviewed by this court because of the lack of a record. It is the duty and obligation of the appellant to properly perfect his appeal. Appellant having failed to do so, by necessity, we must affirm the judgment of the trial court.'
 {¶ 14} "Since appellant has failed to provide this court with a transcript or an acceptable alternative, there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." DeCato v.Goughnour (2000), 136 Ohio App.3d 795, 799.
 {¶ 15} The only indication we have of what occurred at that hearing is what is contained in the trial court's judgment entry. That entry states that CRC "failed to present sufficient evidence or law upon which this Court can determine that the funds garnished are exempt under Ohio law and should not be released to a creditor." Without some evidence that the funds are exempt from garnishment, the trial court's decision is proper and we must affirm that decision.
 {¶ 16} Accordingly, CRC's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Waite, P.J., concurs.
Vukovich, J., concurs.