[Cite as *State v. Littlejohn*, 2012-Ohio-4554.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MA 106 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| JONATHAN LITTLEJOHN | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Youngstown
Municipal Court of Mahoning County,
Ohio
Case No. 11 CRB 773

JUDGMENT:      Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellant:      Atty. Dana Lantz
Youngstown City Prosecutor
26 S. Phelps Street
Youngstown, Ohio 44503

For Defendant-Appellee:      Atty. Charles E. Dunlap
3855 Starr's Centre Drive, Suite A
Canfield, Ohio 44406

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cynthia Rice of the Eleventh District Court of Appeals Sitting by Assignment
Hon. Frank D. Celebrezze, Jr. of the Eighth District Court of Appeals Sitting by
Assignment

Dated: September 28, 2012

[Cite as *State v. Littlejohn*, 2012-Ohio-4554.]
VUKOVICH, J.

**{¶1}** The State of Ohio appeals the decision of Youngstown Municipal Court dismissing the criminal case against defendant-appellee Jonathan Littlejohn. The court found that the arrest was made outside the territorial boundaries of the arresting officer, a Youngstown State University police officer. The issue is whether the mutual aid agreement granting university police the power to arrest within a specified area of the City of Youngstown which lies outside of the university's borders is violative of R.C. 2935.03.

**{¶2}** Pursuant to R.C. 3345.041, a state university and a municipality may enter into an agreement allowing the university police to perform any police function, exercise any police power, or render any police service on behalf of the municipality. R.C. 3345.041 is a specific statute, whereas R.C. 2935.03 is a general statute outlining a state university officer's power to arrest for crimes committed in his presence within the limits of the university. We thus conclude that the statutes are not irreconcilable and that R.C. 3345.041 is clearly intended to be an exception to a university police officer's statutory boundaries. As such, the trial court erred in dismissing the case based upon the officer's actions outside of the university's borders but within the mutual aid agreement's expanded territory.

STATEMENT OF THE CASE

**{¶3}** Due to a rash of car break-ins on Ohio Avenue, university police officers were instructed to increase patrol time in this area. (Tr. 12). Near 1:00 a.m. on April 25, 2011, a university police officer shined a spotlight into a vehicle parked in a lot behind an apartment complex at 815 Ohio Avenue. The spotlight illuminated five

people in a car, and the officer noticed the three backseat passengers were smoking. The officer smelled burning marijuana as he approached the vehicle. Marijuana cigarette butts were retrieved from the vehicle. (Tr. 8).

{¶4} The defendant was charged with minor misdemeanor possession of marijuana, fourth degree misdemeanor possession of drug paraphernalia (a sifter/grinder used for removing twigs and seeds from marijuana), and first degree misdemeanor falsification for lying about his name. His attorney filed a motion to dismiss the charges, alleging in pertinent part that the officer acted outside of his territorial jurisdiction in violation of R.C. 2935.03(A). He also made suppression arguments not at issue herein.

{¶5} The state responded that the university's board passed a resolution and the city passed an ordinance under R.C. 3345.042, which permitted a mutual aid agreement to be perpetuated between the city police department and the university police department. The state urged that the university officer had full police power under that agreement. The state attached the resolution, the ordinance, the mutual aid agreement, and a map showing Ohio Avenue to be within the patrol area outlined by an attachment incorporated into the agreement. The May 13, 2010 mutual aid agreement states at paragraph one:

Under the provisions of Ohio Revised Code, Section 3345.041 (Attachment 1), unless actively engaged in effecting an arrest or related duties, or in an emergency, or when ordered by a superior officer not to render aid, each police officer employed by either of the parties hereto

shall render assistance to the police officers employed by the other party whenever such assistance is requested by officers of a party or a requesting officer's dispatcher. When the University's on-duty police officers are rendering assistance to the City's police officers or when within the area expressly indicated in Attachment 2, which is incorporated herein as if fully rewritten, and when on City streets and highways en route to or from University property, they shall have full police authority commensurate with the authority held by the City's police officers including, but not limited to, authority to issue parking and traffic citations.

Notwithstanding the provisions of the preceding paragraph, any on-duty University police officer who sees a crime being committed within the corporate limits of the City of Youngstown, or who sees a City police officer who reasonably appears to be in need of assistance, shall have the authority to apprehend or attempt to apprehend the person or persons committing such crime and shall have the authority to aid and assist such police officer. (Emphasis added).

{¶6} The defendant replied by focusing on the first sentence and interpreting the agreement as requiring a demand for assistance by the city before a university officer could proceed outside of university property. The defendant argued that even then, the officer can only assist, not arrest; otherwise, the agreement would violate

R.C. 2935.03 since it expands the territorial area in which a university police officer can arrest.

**{¶7}** A hearing was held before the municipal court where the university police officer testified to the facts set forth supra. He also stated that he had authority to act as a police officer on Ohio Avenue that night due to a mutual aid agreement, and he identified a patrol map which encompassed the boundaries set forth in the attachment to the mutual aid agreement. The state also elicited that the officer was commissioned as a deputy sheriff in Mahoning County but recognized that they did not raise this in their response to the motion to dismiss.

**{¶8}** After the hearing, the court granted the motion to dismiss, finding on the record that the mutual aid agreement expanded the university officer's authority and territorial boundaries in violation of R.C. 2935.03. The court also noted that the officer was not requested to aid the city police nor dispatched to the scene. (Tr. 26). The trial court journalized its decision on the case jacket which entry was file-stamped July 1, 2011.[1] The state filed a timely notice of appeal. After briefing, this court heard oral arguments.[2]

## ASSIGNMENT OF ERROR

**{¶9}** The state sets forth the following assignment of error:

---

[1] *See State v. McDowell*, 150 Ohio App.3d 413, 2002-Ohio-6712, 781 N.E.2d 1057, ¶ 7 (7th Dist.) (a handwritten notation on a case jacket can rise to the dignity and formality of a judgment if it is in writing, signed by the judge, and filed with the clerk), citing *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267 (1997). *See also State v. Derov*, 7th Dist. No. 08MA189, 2009-Ohio-4810, fn.1 (a judge's initialing of the time-stamped notation on a case jacket to constitute the signature for purposes of finding a judgment to appeal).

[2] During oral argument, defense counsel alleged that the city charter prohibits outside officers in this situation. However, this argument was not raised in his appellee's brief. In fact, it was not

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS AND FINDING THAT THE YOUNGSTOWN STATE UNIVERSITY OFFICER EXCEEDED HIS SCOPE OF AUTHORITY PURSUANT TO R.C. 2935.03.

**{¶10}** R.C. 2935.03 merely details the general powers of arrest of various officers. Division (A) allows a state university law enforcement officer to arrest a person without a warrant if they are "found violating" the law within the limits of the university. R.C. 2935.03(A) (also outlining the arrest powers for sheriffs, municipal police officers, and others). *Compare* R.C. 2935.03(B)(1) (granting additional arrest powers if officer has reasonable grounds to believe that a certain listed offense has been committed such as an offense of violence).

**{¶11}** The officer here acted outside of the limits of the university. However, the mutual aid agreement existing between the city and university police department expands the university officer's limits. The agreement states that he shall aid city police when requested. It also states that while on duty, when he is rendering such assistance *or when he is within the patrol area* incorporated into the agreement, which indisputably includes the Ohio Avenue apartment complex, he has "full police authority commensurate with the authority held by the City's police officers." The agreement further specifies that if he is on duty and sees a crime being committed within the corporate limits of the City of Youngstown, he shall have the authority to

---

raised to the trial court either. *See* Motion to Dismiss (June 2, 2011), Reply to State's Response (June 30, 2011). *See also* (Tr. 16-21). Thus, we cannot consider this argument.

apprehend or attempt to apprehend the person or persons. The officer was clearly acting within these expanded limits when he encountered appellant.

**{¶12}** The agreement was permissible pursuant to R.C. 3345.041, which provides that the board of trustees of a state university or college may enter into an agreement with a municipal corporation (or other listed entities) and said municipal corporation may likewise enter into an agreement with the state university or college upon such terms as are agreed to by them, to allow the use of state university law enforcement officers to perform any police function, exercise any police power, or render any police service on behalf of the contracting political subdivision that it may perform, exercise, or render. R.C. 3345.041(A).

**{¶13}** The only issue then is whether R.C. 3345.041(A) conflicts with R.C. 2935.03(A) and which statute prevails in the event of a conflict. Pursuant to R.C. 1.51, if a general provision conflicts with a special provision, they shall be construed so that effect is given to both if possible. *State ex rel. Data Trace Info. Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 48 (construe provisions if possible to give effect to both; neither prevails over the other unless they are irreconcilable). If the conflict is irreconcilable, then the special provision prevails as an exception to the general provision unless the general provision was adopted later and the manifest intent is that the general provision prevails. R.C. 1.51. Similarly, R.C. 1.52(A), provides that if statutes are irreconcilable, the statute latest in date of enactment prevails.

**{¶14}** R.C. 3345.041 was first enacted on October 20, 1987. It is said to have been enacted in response to cases such as *State v. Dakoski*, 11th Dist. No. 1636 (Sept. 26, 1986). In that case, the appellate court invalidated an arrest effected by an officer from Kent State University where all acts took place on a city street.

**{¶15}** The pertinent language in R.C. 2935.03(A) predated that of R.C. 3345.041. *See Dakoski*, 11th Dist. No. 1636 (quoting the pertinent language from R.C 2935.03(A) for a 1985 arrest). *See also* 1988 H 708 ("to enact new sections * * * 2935.03" and then restating the same language from the prior division (A) that is pertinent in this case); R.C. 1.30(A), (B)(15) (mentioning that 1988 H 708 contains non-substantive changes to be construed as a restatement); R.C. 1.54 (a statute which is reenacted or amended is intended to be a continuation of the prior statute and not a new enactment, so far as it is the same as the prior statute). Thus, the general provision was not adopted after the specific provision. *See* R.C. 1.51.

**{¶16}** R.C. 2935.03 is the general statute providing the limits of a university police officer's territorial jurisdiction. R.C. 3345.041(A) provides an exception to the general rule. If the university and the city enter a mutual aid agreement under R.C. 3345.041, the territorial jurisdiction of the university officers can be expanded to the extent specified in the agreement up to "any police function," "any police power", and "any police service" that the municipal officers can perform.

**{¶17}** These statutes are not irreconcilable, and effect can be given to both. Even if they were irreconcilable, it is R.C. 3345.041(A), which is the special provision, that would prevail as an exception to R.C. 2935.03(A), the general provision which

existed at the time R.C. 3345.041(A) was enacted and which in any event demonstrates no manifest intent to prevail over R.C. 3345.041. *See* R.C. 1.51.

**{¶18}** The whole purpose of R.C. 3345.041 is to expand the limits set forth in R.C. 2935.03(A) as pertaining to university or college police officers where such university or college is able to enter a mutual aid agreement with a municipal corporation (or other listed entity). The trial court ignored or refused to apply this statute. However, there is no reason to invalidate R.C. 3345.041 merely because it provides authority to enter agreements to expand the basic territorial boundaries of university or college police officers existing under a general statute. Rather, the mutual aid agreement statute is clearly an expansion of or exception to the general statute. Accordingly, the trial court's judgment is reversed, and this case is remanded for further proceedings.

Rice, J., concurs.

Celebrezze, Jr., J., concurs.