[Cite as *Cleveland v. Kushlak*, 2022-Ohio-4402.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 111254 |
| v. | : | |
| ANTHONY KUSHLAK, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** December 8, 2022

Criminal Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2020-CRB-007383

*Appearances:*

Mark Griffin, Cleveland Director of Law, and Nathaniel P. Hall, Assistant Director of Law, *for appellee*.

Michela Huth, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Anthony Kushlak ("Kushlak"), appeals a January 20, 2022 order of the Cleveland Municipal Court, Housing Division

("Housing Court"), modifying his community control sanctions. For the following reasons, we vacate the judgment and remand for further proceedings.

## I.    Procedural History

{¶ 2}    On July 21, 2020, the city of Cleveland ("city") filed a five-count complaint, in Cleveland M.C. No. 2020-CRB-007383, alleging Kushlak violated Cleveland Codified Ordinances ("C.C.O.") 203.03 by failing to comply with an order of the Cleveland Department of Public Health to clean up trash littering the ground around the exterior of his house, keep sufficient trash containers to dispose of it, and abate the conditions that attract rodents and other vermin to his property.[1] Each count of the complaint corresponded to a day that Kushlak was out of compliance with the order.[2]

{¶ 3}    On May 10, 2021, Kushlak pled no contest to, and the municipal court found him guilty of, all five counts and ordered a presentence-investigation report. On June 28, 2021, the municipal court sentenced Kushlak to three-year community control sanctions on each count, to be served concurrently with community control sanctions imposed on Count 1. The court issued a handwritten judgment entry the same day and a typewritten judgment entry the following day. In the typewritten judgment entry dated June 29, 2021, but journalized more than a week later on July

---

[1] The city subsequently filed four more cases (Cleveland M.C. Nos. 2020-CRB-013409, 2020-CRB-013846, 2021-CRB-003173, 2021-CRB-003172) that included eleven additional counts, but these counts were dismissed.

[2] C.C.O. 201.99 provides that the first violation of any section of the Health Code, including a violation of C.C.O. 203.03, is a minor misdemeanor, and any subsequent violation is a first-degree misdemeanor.

8, 2021, the court identified Kushlak's case as a "hoarding case" and imposed the following conditions:

(a) On or before Thursday, July 1, 2021, [Kushlak] must remove the trash from the driveway, place the trash in the trash bins[,] and move the trash bins onto the front lawn to be picked up by the City of Cleveland.

(b) The Cleveland Animal Protective League is ordered to remove animals located at [Kushlak's residence] on or before Friday, July 30, 2021.

(c) [Kushlak] must grant the Cleveland Animal Protective League with access to the property on or before Friday, July 30, 2021.

(d) Department of Health Inspector Alan Mancuso and Department of Building and Housing Inspector Michael Shockley are ordered to conduct an inspection of the property * * * on or before July 28, 2021.

(e) [Kushlak] has 30 days to get things in order to begin cleaning up. [Kushlak] must grant Inspectors Mancuso and Shockley access to the property for the completion of their inspections.  The inspections should be done no sooner than AND no later than July 28, 2021.

(f) [Kushlak] must coordinate with Community Work Service to clean the property[,] including the garage[,] of all junk and debris on or before August 30, 2021.

(g) [Kushlak] must continue to coordinate and cooperate with the Benjamin Rose Institute on Aging.

(h) The Benjamin Rose Institute on Aging is required to provide the Court with a report on [Kushlak's] progress at the next hearing on September 16, 2021[,] at 3:00 p.m.

(i) [Kushlak] must appear in court for the next hearing on September 16, 2021[,] at 3:00 p.m.

(Emphasis sic.) (Judgment Entry, July 8, 2021.)[3]

{¶ 4} The court included among the sanctions for any violation of these conditions "a definite jail term authorized for the original offense" and "community control up to five years in total." The court identified the original offense — a violation of C.C.O. 203.03 — as a first-degree misdemeanor, punishable by "a jail term of up to 18 months" and "five years of community control."

{¶ 5} On July 13, 2021, the city filed an unopposed motion requesting modification and clarification of the July 8, 2021 Judgment Entry.[4] The city argued that the entry misidentified Kushlak's initial violation (Count 1) as a first-degree misdemeanor and imposed three-year community control sanctions on that count even though the relevant sentencing ordinance, C.C.O. 201.99, provides that a first offense is a minor misdemeanor and any subsequent offense is a first-degree misdemeanor. The city therefore requested that Count 1 be amended to reflect that it was a minor misdemeanor and that Kushlak's sentence be imposed on the remaining counts. The city also argued that the court improperly imposed a condition of Kushlak's community control sanctions on Department of Health Inspector Alan Mancuso ("Inspector Mancuso") and Department of Building and Housing Inspector Michael Shockley ("Inspector Shockley") in paragraphs (d) and (e) of the entry and requested that these conditions be amended to remove the

---

[3] The docket entry does not include the hearing date and time in paragraph (h) or the entirety of paragraph (g).

[4] The motion was docketed the next day, July 14, 2021.

sanctions from both inspectors. The city noted that the entry also improperly imposed conditions on the Cleveland Animal Protective League ("APL") and the Benjamin Rose Institute on Aging ("Benjamin Rose") in paragraphs (b) and (h), but recognizing that they were not parties to the matter and not represented by the city, the city had no authority to object on their behalf. The city further noted that Kushlak was already under community control sanctions with the Cleveland Municipal Court, General Division, which had issued an order permitting Kushlak to keep eight cats and two dogs on his property, and the Housing Court had no authority to amend this order as it had done in paragraph (b) of the entry. Finally, the city requested that the court clarify paragraph (e) of the entry to specify the nature, extent, and duration of the inspection.

{¶ 6} On July 20, 2021, the court granted the city's unopposed motion and issued an amended judgment entry, journalized July 22, 2021, identifying Kushlak's first offense as a minor misdemeanor; imposing three-year community control sanctions on the subsequent counts, to be served concurrently with each other; and modifying the additional conditions of Kushlak's community control as follows:

(a) On or before <u>Thursday, July 1, 2021</u>, [Kushlak] must remove the trash from the driveway, place the trash in the trash bins[,] and move the trash bins onto the front lawn to be picked up by the City of Cleveland.

(b) [Kushlak] must permit Department of Public Health Inspector and Department of Building and Housing Inspector access to the property so that they can conduct an inspection of the property * * * on or before <u>August 6, 2021</u>.

(c) [Kushlak] is ordered to get things in order and clean up the property so that it is ready for the inspection on <u>August 6, 2021</u>.

(d) The Cleveland Animal Protective League inspection of the property should be conducted after the Department of Building and Housing Inspector has conducted an interior inspection of the property.

(e) [Kushlak] must coordinate with Community Work Service to clean the property[,] including the garage[,] of all junk and debris on or before <u>August 30, 2021</u>.

(f) [Kushlak] must continue to coordinate and cooperate with the Benjamin Rose Institute on Aging.

(g) The Benjamin Rose Institute on Aging is required to provide the Court with a report on [Kushlak's] progress at the next hearing on September 16, 2021[,] at 3:00 p.m.

(h) [Kushlak] must appear in court for the next hearing on <u>September 16, 2021[,] at 3:00 p.m.</u>

(Emphasis sic.) (Amended Judgment Entry, July 22, 2021.)[5]

{¶ 7} The status hearing scheduled for September 16, 2021, in the amended judgment entry was continued to September 20, 2021. At this hearing, the municipal court reviewed a community control status report written by Deputy Chief Housing Court Specialist Darlene English ("Deputy Chief English"), which stated that Kushlak had moved some of the trash to a neighbor's lawn for pick up but had not cleaned up the exterior of his property, discontinued working with a Benjamin Rose social worker, and started treatment at the U.S. Department of Veteran Affairs ("VA"). The court also heard testimony from Inspectors Mancuso and Shockley, who testified that Kushlak had not complied with the court's inspection orders. The court found that Kushlak had violated conditions of his community control sanctions, sentenced him to 15 days in jail, and ordered him to

---

[5] Paragraphs (g) and (h) are missing from the docket entry.

undergo a psychological evaluation, issuing a handwritten judgment entry journalized the same day, September 20, 2021, that included the court's findings and sentence.

{¶ 8} On September 24, 2021, the court issued a typewritten judgment entry journalized the following day that included a section titled "Terms of Community Control Modified." The court modified the terms of Kushlak's community control sanctions as follows:

> [Kushlak] is sentenced to fifteen (15) days in jail for failing to comply with any of the Court Orders issued by this Court on July 22, 2021.

> While incarcerated, [Kushlak] must complete a psychological evaluation prior to his release from jail. The results of the psychological evaluation must be made available to Deputy Chief Specialist English.

> The terms of community control [are] active and [are] set to expire on May 17, 2023 [sic].

> [Kushlak] is informed that [the general community control conditions provided by R.C. 2929.25(C)(2) and Loc.R. 2.18 of the Cleveland Municipal Court, Housing Division, still apply.]

> As additional conditions of community control, the Court orders the following:

> (a) Pursuant to the Order of July 22, 2021, [Kushlak] must remove the trash from the driveway, place the trash in the trash bins[,] and move the trash bins onto the front lawn to be picked up by the City of Cleveland.

> (b) Pursuant to the Order of July 22, 2021, the Department of Public Health Inspector Alan Mancuso is permitted to conduct an exterior inspection of the property[.]

> (c) Pursuant to the Order of July 22, 2021, the Department of Building and Housing Inspector Michael Shockley is permitted to conduct an interior inspection of the property[.]

(d) Pursuant to the Order of July 22, 2021, [Kushlak] is ordered to allow Community Work Service to clean the property[.]

(e) Pursuant to the Order of July 22, 2021, [Kushlak] must continue to coordinate and cooperate with his mental health provider which is currently the United States Department of Veteran Affairs.

(f) [Kushlak] must appear in court for the next hearing on October 25, 2021[,] at 1:00 p.m.

(Emphasis sic.) (Judgment Entry, Sept. 25, 2021.) The same day the court issued its judgment entry, Kushlak filed a motion to mitigate his jail sentence due to health concerns he was experiencing after serving several days in jail. The court did not rule on the motion until after Kushlak had served the sentence, however, stating that the motion was filed on September 24 but not journalized until October 25, 2021.

{¶ 9} The next month, following an October 25, 2021 status hearing, the court issued another entry signed the same day but journalized two days later, again modifying the terms and conditions of Kushlak's community control:

The terms of community control [are] active and [are] set to expire on May 17, 2023 [sic].

[And as] additional conditions of community control, the Court orders the following:

(a) [Kushlak] is ordered to permit the Department of Public Health Inspector Alan Mancuso to conduct an exterior inspection of the property * * * on November 5, 2021[,] at 9:00 AM.

(b) [Kushlak] is ordered to permit the Department of Public Health Inspector Alan Mancuso to conduct an exterior inspection of the garage * * * on November 5, 2021[,] at 9:00 AM.

(c) [Kushlak] is ordered to permit the Department of Building and Housing Inspector Michael Shockley to conduct an interior inspection of the property * * * on November 5, 2021[,] at 9:00 AM.

(d) [Kushlak's] Attorney, Tina Tricarichi[,] must be present on the property with [Kushlak] for the inspections that are to be completed on <u>November 5, 2021[,] at 9:00 AM</u>.

(e) [Kushlak] is ordered to permit representatives from Councilman [Anthony] Brancatelli's Office and Deputy Chief Specialist English to assist him with removing the branches from his backyard during the week of October 25, 2021.

(f) [Kushlak] is ordered to remove all trash and open containers from the property[.]

(g) [Kushlak] is ordered not feed any outside animals.

(h) [Kushlak] is ordered to continue to coordinate and cooperate with his mental health provider[,] which is currently the United States Department of Veteran Affairs.

(i) All previous orders issued by this Court remain in full force and effect.

(j) [Kushlak] must appear in court for the next hearing on <u>November 8, 2021[,] at 1:30 p.m.</u>

(Emphasis sic.) (Judgment Entry, Oct. 27, 2021.)

{¶ 10} Two weeks later, the court issued an "extended entry" dated November 5, 2021, and journalized the same day, modifying the entry issued on October 27, 2021. The November 5 entry amended the term of Kushlak's community control appearing in earlier entries to reflect a June 28, 2024 expiration date and modified the conditions of his community control to include an interior inspection of the garage scheduled for November 8, 2021, at 9:00 a.m. The entry also ordered Kushlak to appear at the next status hearing scheduled at 1:30 p.m., the same day as the inspection. The court issued the November 5 entry without a hearing.

{¶ 11} On November 8, 2021, Kushlak's attorney filed a written objection to the November 5 entry and requested a hearing. Kushlak argued that the court modified the October 27, 2021 entry without a hearing and notified Kushlak less than a day before Inspector Mancuso was scheduled to inspect the interior of Kushlak's garage. Kushlak requested that the order be held in abeyance until a hearing could be held on the modified condition. The court did not rule on Kushlak's objection. In addition, on November 8, 2021, the court issued a nunc pro tunc order journalized more than a month later on December 15, 2021, revising the July 8, 2021 entry to reflect the dates of Kushlak's offenses from August 26-30, 2019, to October 26-30, 2019.

{¶ 12} On November 9, 2021, the court issued another entry, journalized the following day, again modifying the conditions of Kushlak's community control:

(a) [Kushlak] is ordered to arrange an intake appointment with Benjamin Rose Institute on Aging to obtain treatment for hoarding and work with [his] doctors at the Department of Veteran Affairs.

(b) [Kushlak] is given one (1) week to remove and discard [all] of the perishable and nonperishable food and beverage items from the interior of the garage[.]

(c) [Kushlak] is ordered to clean and remove items from the interior of the house and garage * * * with the assistance of the Court Community Service. [Kushlak is to] make significant improvement with the cleaning and removing of property prior to the next hearing date of December 13, 2021.

(d) All previous orders issued by this Court remain in full force and effect.

(e) [Kushlak] must appear in-person at court for the next hearing on December 13, 2021[,] at 1:30 p.m.

(Emphasis sic.) (Judgment Entry, Nov. 10, 2021.)

{¶ 13} On December 13, 2021, the court held another status hearing and based on a written report and testimony, issued another entry dated December 28, 2021, and journalized January 8, 2022, that included the following community control conditions:

[Kushlak] is ordered to permit Court Community Service onto the property so that it can clean the property[.]

[Kushlak] is ordered to clean and remove items from the interior of the house and garage * * * with the assistance of Court Community Service.

[Kushlak] is ordered to permit the Department of Building and Housing Inspector Michael Shockley to inspect the interior of the property[.]

[Kushlak] is ordered to permit the Department of Public Health Inspector Alan Mancuso to inspect the exterior of the property[.]

[Kushlak] is ordered to make up his missed December doctor's appointment with Dr. Biggie and continue to meet Dr. Biggie for his regularly scheduled doctor appointments.

Deputy Chief Housing Specialist English is ordered to contact [the] Benjamin Rose Institute on Aging to see if [Kushlak] can begin services with them again.

[Kushlak] is ordered to refra[in] from feeding the outside animals.

All previous orders issued by this Court remain in full force and effect.

[Kushlak] must appear in-person at court for the next hearing on January 10, 2022[,] at 3:00 p.m.

(Emphasis sic.) (Judgment Entry, Jan. 8, 2022.)

{¶ 14} On January 10, 2022, the court held a status hearing at which Kushlak, his attorney, the city prosecutor, Inspectors Shockley and Mancuso, and

Chief Housing Court Specialist Belinda Gest ("Chief Gest") appeared. Chief Gest appeared in place of Deputy Chief English and testified that she had learned from Deputy Chief English that the interior of the property was never inspected and learned from Kushlak that he made progress on cleaning out the interior of his garage. (Status Hearing, Jan. 10, 2022, tr. 3.) Kushlak testified that he discarded some of the perishables from the interior of his garage. (Status Hearing, Jan. 10, 2022, tr. 15.)

{¶ 15} Inspectors Mancuso and Shockley testified that they arrived to inspect the property earlier that morning but were unable to reach Kushlak to take pictures of the house and garage interiors. (Status Hearing, Jan. 10, 2022, tr. 8-9). Inspector Mancuso testified that there were still items littering the exterior of the property, behind the house and alongside the garage and garbage cans. (Status Hearing, Jan. 10, 2022, tr. 9.) Kushlak testified that he was not home earlier that day because he had to appear in the Cuyahoga County Court of Common Pleas for a different matter. (Status Hearing, Jan. 10, 2022, tr. 10.) The court stated that it had ordered the inspection to be completed in mid-December and Kushlak had not complied. (Status Hearing, Jan. 10, 2022, tr. 10). The court ordered Kushlak to permit Chief Gest and Inspectors Mancuso and Shockley to inspect and photograph the exterior and interior of the house and garage on January 13, 2022, at 9:30 a.m., and advised Kushlak that he would be in contempt and that he would "serve time" if he did not cooperate during the inspection. (Status Hearing, Jan. 10, 2022, tr. 18.)

{¶ 16} On January 13, 2022, the court issued a judgment entry journalized the following week on January 20, 2022, in which it again modified the conditions of Kushlak's community control as follows:

(a) [Kushlak] is ordered to permit Court Community Service onto the property so that it can clean the property[.]

(b) [Kushlak] is ordered [to] coordinate with Court Community Services to assi[s]t them with cleaning and removing items from the house and garage[.]

(c) [Kushlak] is ordered to coordinate with his Councilwoman Rebecca Maurer to obtain a garbage dumpster to remove all trash from the property[.]

(d) [Kushlak] is ordered to p[er]mit the Department of Building and Housing Inspector Michael Shockley, Department of Public Health Inspector Alan Mancuso[,] and Chief Housing Specialist Belinda Gest access to the property * * * for an inspection of the exterior and interior of the property on January 13, 2022[,] at 9:30 AM.

(e) [Kushlak] is ordered to permit the Department of Building and Housing Inspector Michael Shockley and Department of Public Health Inspector Alan Mancuso to inspect the exterior and interior of the garage[.]

(f) [Kushlak] is ordered to clean the laundry detergent boxes, all trash and debris from the exterior of the property[.] [Kushlak] is ordered to ensure that the property remains maintained, cleaned[,] and free of all hazards.

(g) [Kushlak] is ordered to contact Dr. Biggie from the Veteran Affairs Hospital and must remain in regular consistent contact with his doctor for his mental health treatment.

(h) All previous orders issued by this court remain in full force and effect.

(i) [Kushlak] must appear in-person at court for the next hearing on January 24, 2022[,] at 3:30 PM.

(Judgment Entry, Jan. 20, 2022.)

{¶ 17} The next status hearing was held on January 24, 2022, at which Kushlak, his attorney, the city prosecutor, Deputy Chief English, and Inspectors Mancuso and Shockley appeared. Deputy Chief English testified that Kushlak permitted Inspectors Mancuso and Shockley to inspect and photograph the property's exterior and the garage and house interiors on January 13, 2022, but Kushlak had not removed all perishables from the garage interior because it was a large job, he needed assistance, and the parties were coordinating with the Old Brooklyn CDC to obtain a dumpster and with Court Community Service to assist in the cleanup. (Status Hearing, Jan. 24, 2022, tr. 3-4.)

{¶ 18} Kushlak asked whether he would be reimbursed if any valuables were discarded during the cleanup. (Status Hearing, Jan. 24, 2022, tr. 5.) The court replied that Kushlak had already been advised to remove any valuables and return them once the property was cleaned. (Status Hearing, Jan. 24, 2022, tr. 5.) Inspector Shockley testified that he had inspected and photographed the parts of the interior that he could reach but could not reach the mechanicals or other rooms because they were impassable. (Status Hearing, Jan. 24, 2022, tr. 11-12.) He noted the presence of insects near, and a foul odor emanating from, the bathroom but could not locate its source because the bathroom was blocked. (Status Hearing, Jan. 24, 2022, tr. 11.) Inspector Mancuso testified that he had inspected and photographed the property's exterior and garage interior and noted that the exterior was still littered with debris; the garage interior was full of items and infested with rodents; and Kushlak had not disposed of any garbage bags stored in and alongside

his trash cans, even though trash collection was scheduled that day. (Status Hearing, Jan. 24, 2022, tr. 13-15.)

{¶ 19} The court asked Kushlak's attorney to address Kushlak's repeated failure to comply with orders to clean up his property. Kushlak's attorney argued that Kushlak's noncompliance resulted from his mental illness and jailing him would not resolve the issue. (Status Hearing, Jan. 24, 2022, tr. 16.) The court then stated that

> [a]s soon as we line this [dumpster] up, as soon as we line court community workers up, we're getting movement to clean this property one way or the other, whether he's there or whether he's in jail while they're doing it. This property's under the jurisdiction of this Court. So it's better to work with court resources than to work against it.

(Status Hearing, Jan. 24, 2022, tr. 18.) The court ordered Kushlak to place garbage bags on the tree lawn for the next collection day, January 27, 2022, and an inspection the day after to ensure the trash was removed. (Status Hearing, Jan. 24, 2022, tr. 23.) These orders were signed the same day as the hearing and journalized two days later on January 26, 2022.[6]

{¶ 20} The next status hearing was held on February 2, 2022, at which Kushlak, his attorney, the city prosecutor, Deputy Chief English, Jayme Bauer of the Old Brooklyn CDC ("Bauer"), and Inspectors Shockley and Mancuso appeared. Chief English testified that Kushlak had disposed of the garbage bags piled beside the trash cans but could not take the trash cans to the tree lawn because they were

---

[6] The court also issued a judgment entry dated January 26, 2022, but this judgment entry was not journalized until March 2, 2022.

stuck the driveway with ice. Chief English also testified that Court Community Service was scheduled to assist in cleanup on February 14, 2022. (Status Hearing, Feb. 2, 2022, tr. 3-4.) Inspector Mancuso testified that he and Inspector Shockley arrived with a police escort but Kushlak did not answer the door. (Status Hearing, Feb. 2, 2022, tr. 4-5.) Kushlak stated that he was not home at the time of the inspection. (Status Hearing, Feb. 2, 2022, tr. 6.) The court stated that it could just have the inspectors enter the house and garage whether or not Kushlak is there. (Status Hearing, Feb. 2, 2022, tr. 11). Instead, the court ordered Kushlak to move all the trash in his garbage cans to the tree lawn by February 10, 2022, the following week's trash collection day, and to permit Inspectors Shockley and Mancuso and Chief Gest to enter and inspect the property the next day to confirm that the trash was removed. (Status Hearing, Feb. 2, 2022, tr. 18-19, 21.)

{¶ 21} The court's orders were incorporated, in part, into a handwritten judgment entry dated February 2, 2022, and journalized February 11, 2022. A typewritten judgment entry dated February 3, 2022, and journalized February 16, 2022, modified the conditions of Kushlak's community control as follows:

(a) [Kushlak] is ordered to continue to meet with Dr. Biggie for his regularly scheduled doctor appointments.

(b) [Kushlak] is ordered to ensure that all of the trash on the exterior of the property is put in trash bins and placed on the tree lawn for the City of Cleveland to remove on Thursday, February 10, 2022.

(c) [Kushlak] is ordered to permit the Department of Building and Housing Inspector Michael Shockley and the Department of Public Health Inspector Alan Mancuso access to the interior and exterior of the property and the garage on Friday, February 11, 2022[,]

between 9 and 10 a.m. to ensure that all trash was removed from the exterior of the property[.]

(d) [Kushlak's] Attorney, Tina Tricarichi[,] and Deputy Chief Housing Specialist English are ordered to be present on the property * * * on February 11, 2022[,] between 9 and 10 a.m. to ensure that the Inspectors are able to properly inspect the exterior and interior of the house and garage.

(e) [Kushlak's] failure to comply with the orders of this Court may result in a contempt finding and possible jail time.

(f) All previous orders issued by this Court remain in full force and effect.

(g) Court Community Service is scheduled to clean the property * * * on Monday, February 14, 2022. As such, [Kushlak] is ordered as part of his sentence of community control to consent to Court Community Services, the Bailiffs, and the Housing Specialist of this Court, to take any and all necessary actions to abate the nuisance at the property[.]

(h) [Kushlak] is ordered not to interfere with any action taken by Court Community Services during the clean-out.

(i) Court Community Services representatives may remove all items from the exterior and interior of the property[.] Court Community Service representative[s] shall have no obligation to judge the value of any items and no obligation to preserve them, to sort them[,] or to care for them in any way, but may discard them immediately.

(j) [Kushlak] may not remove items on any day when Court Community Service representatives are present without the consent of the representatives. If [Kushlak] comes to the property when Court Community Service representatives are present, he is ordered not to interfere in any way with them. The Housing Court Bailiffs shall prevent [Kushlak] from interfering and, if [Kushlak] resists them, they may bring him before the Court for an immediate contempt hearing.

(k) [Kushlak] is ordered to appear in-person at court for the next hearing on <u>February 28, 2022[,] at 2:30 p.m.</u>

(Emphasis sic.) (Judgment Entry, Feb. 16, 2022.)

{¶ 22} On February 9, 2022, Kushlak appealed the municipal court's January 20, 2022 judgment. The same day, Kushlak filed a motion to stay execution of the court's January 20 and February 3, 2022 judgments. On February 11, 2022, this court sua sponte issued a temporary stay to allow the city to respond to Kushlak's motion. On February 25, 2022, this court granted Kushlak's motion, clarifying that it concerned the February 3, 2022 judgment permitting the city to enter the property and dispose of items without consideration of their value and with no obligation to preserve them. This court found that because the municipal court had not journalized the February 3, 2022 order prior to the stay, the order was without force and effect and the city had no authority to follow any mandate issued in the order.

{¶ 23} Having appealed the municipal court's January 20, 2022 judgment, Kushlak now raises the following nine assignments of error for review:

> Assignment of Error I: The trial court abused its discretion in finding that [Kushlak] was in violation of his community control conditions, without indicating which sentencing entry applied.

> Assignment of Error II: The trial court erred and abused its discretion in adding additional community control conditions despite the fact that the November 8, 2021 Judgment Entry and Order Nunc Pro Tunc was not journalized.

> Assignment of Error III: The trial court erred and abused its discretion in adding community control conditions to its January 20, 2022 Judgment Entry, which had expired by the time the January 20, 2022 Judgment was Journalized.

> Assignment of Error IV: The trial court violated [Kushlak's] due process rights when it modified his sentence and imposed additional community control conditions, without providing him with notice of the alleged violations.

Assignment of Error V: The trial court violated [Kushlak's] due process rights when it imposed additional community control conditions without providing him with a written statement of the evidence it relied upon and the reasons for revoking probation.

Assignment of Error VI: The trial court violated [Kushlak's] due process rights when it imposed additional community control conditions based upon [Kushlak's] failure to abide by the prior modified additional community conditions set forth in the January 8, 2022 Judgment Entry.

Assignment of Error VII: The trial court violated [Kushlak's] due process rights when the housing specialist (probation officer) presented non-direct testimony.

Assignment of Error VIII: The trial court violated [Kushlak's] due process rights when it failed to hold a preliminary hearing.

Assignment of Error IX: The trial court's January 20, 2022 Judgment impermissibly increased the punishment, thus violating double jeopardy restrictions.

## II. Law and Analysis

### A. Judgment Entries

{¶ 24} In his first three assignments of error, Kushlak argues that the municipal court abused its discretion when it (1) found that he violated the conditions of his community control without indicating which sentencing entry applied, (2) added community control conditions in its November 8, 2021 entry and nunc pro tunc order without journalizing it, and (3) added community control conditions to its January 20, 2022 judgment entry that had expired before the judgment entry was journalized.

{¶ 25} "[I]n cases involving building, housing, or health code violations, the primary goal is to bring the property into compliance, rather than punish the

defendant for the misconduct." *Cleveland v. Schornstein Holdings, L.L.C.*, 2016-Ohio-7479, 73 N.E.3d 889, ¶ 19 (8th Dist.). "To achieve that goal, the housing court is vested with broad authority to fashion appropriate punishment to bring about compliance." *Id.*

{¶ 26} When sentencing a misdemeanor offender, a court has discretion to impose any sanction or combination of sanctions authorized by R.C. 2929.24 to 2929.28. R.C. 2929.22(A). Except for a minor misdemeanor, a court may impose community control sanctions and any conditions of release under the community control sanctions the court considers appropriate. R.C. 2929.25(A)(1)(a). If the court sentences the offender to community control sanctions under R.C. 2929.25(A)(1)(a), "the court retains jurisdiction over the offender for the duration of the period of community control" and

> in the court's sole discretion and as the circumstances warrant, may modify the community control sanctions or conditions of release previously imposed, substitute a community control sanction or condition of release for another community control sanction or condition of release previously imposed, or impose an additional community control sanction or condition of release.

R.C. 2929.25(B).

{¶ 27} If the offender violates any condition of the community control sanctions, the sentencing court may impose "one or more" of the following: (1) a longer period of community control provided that it does not exceed five years; (2) a more restrictive community control sanction; (3) a combination of community control sanctions, including a jail term. R.C. 2929.25(D)(2).

{¶ 28} A trial court's imposition of community control under R.C. 2929.25 is reviewed for an abuse of discretion. *Cleveland v. Grunt*, 2018-Ohio-4109, 112 N.E.3d 973, ¶ 5 (8th Dist.). "Abuse of discretion," which is "'commonly employed to justify an interference by a higher court with the exercise of discretionary power by a lower court, implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35, quoting *Black's Law Dictionary* 11 (2d Ed.1910). "[A]bsent from this definition is any indication that the abuse-of-discretion standard applies when a court is making a determination of law." *Id.* A trial court "lack[s] the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Id.* at ¶ 39.

### 1. Amended Sentencing Entries

{¶ 29} In his first assignment of error, Kushlak contends that the municipal court sentenced him to community control on June 29, 2021, journalized the sentencing entry on July 8, 2021, amended that sentencing entry on July 22, 2021, and issued a nunc pro tunc order revising the sentencing entry on November 8, 2021. Kushlak maintains that these changes make it unclear which sentencing entry the municipal court modified in its January 20, 2022 judgment entry.

{¶ 30} In the July 22, 2021 sentencing entry, the court amended the July 8, 2021 sentencing entry to reflect that a first violation of the city's Health Code, including a violation of C.C.O. 203.03, is a minor misdemeanor and a second or subsequent violation is a first-degree misdemeanor. C.C.O. 201.99. In the July 8

sentencing entry, the court had initially sentenced Kushlak to a three-year term of community control on Count 1 of the complaint. Because Count 1 constituted Kushlak's first violation of C.C.O. 203.03, it was a minor misdemeanor and therefore not subject to imposition of a community control term. R.C. 2929.25(A)(1)(a). The court amended the sentencing entry to impose concurrent three-year terms of community control on Counts 2, 3, 4, and 5 because these counts constituted the second and subsequent offenses under C.C.O. 201.99 and, therefore, first-degree misdemeanors for which the court could impose community control sanctions. R.C. 2929.25(A)(1)(a). Contrary to Kushlak's contention, the amended July 22, 2021 sentencing entry was the entry the court modified in later judgment entries.

{¶ 31} Kushlak also maintains that the court's November 8, 2021 nunc pro tunc order entirely replaced the original sentencing entry. The only correction that the court made to the original sentencing entry in the nunc pro tunc order was to correct the date of the offenses to which Kushlak pled no contest. The original sentencing entry stated that the offenses occurred August 26-30, 2019. The nunc pro tunc order revised the date of the offenses to reflect that they occurred October 26-30, 2019.

{¶ 32} Crim.R. 36 authorizes the trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission * * * at any time." "A trial court may use a nunc pro tunc entry to correct mistakes in judgments, orders, and other parts of the record so the record

speaks the truth." *State v. Sandidge*, 8th Dist. Cuyahoga No. 109277, 2020-Ohio-1629, ¶ 7.

{¶ 33} The court was authorized by Crim.R. 36 to issue a nunc pro tunc order revising the sentencing entry to reflect the dates of Kushlak's offenses. But the nunc pro tunc order should have identified the July 22, 2021 amended sentencing entry, not the July 8, 2021 original sentencing entry, as the entry needing to be corrected. This, too, is a clerical mistake that can be corrected by an additional nunc pro tunc order.

{¶ 34} Because the court's July 22, 2021 amended sentencing entry, as corrected by the November 8, 2021 nunc pro tunc order, was the basis of any subsequent modification the court made to the conditions of Kushlak's community control, we cannot say that the trial court's nunc pro tunc order was so confusing or unreasonable as to render any subsequent modification, including the January 20, 2022 modification, an abuse of the trial court's discretion.

{¶ 35} Therefore, Kushlak's first assignment of error is overruled.

### 2. Journalization of Nunc Pro Tunc Order

{¶ 36} In his second assignment of error, Kushlak argues that if the November 8, 2021 nunc pro tunc order was never journalized, it is a nullity. Kushlak admits, however, that if the order was journalized, his second assignment of error is moot. Our review of the record indicates that the court's nunc pro tunc order was journalized on December 15, 2021.

{¶ 37} Accordingly, Kushlak's second assignment of error is overruled.

### 3. Belated Journalization

{¶ 38} In his third assignment of error, Kushlak contends that the court modified two conditions of his community control and ordered him to comply by January 13, 2022, but journalized the modifications a week later in its January 20, 2022 judgment entry. Kushlak maintains that the conditions had to be journalized to have any legal effect. The city concedes Kushlak's argument, adding that it would be improper for the municipal court to find Kushlak violated his community control "based on an alleged failure to comply with a condition contained in an unjournalized [j]udgment [e]ntry." We agree and add that the January 20, 2022 judgment entry is not the only entry the court journalized after expiration of a compliance deadline. Our review, however, is limited to the January 20, 2022 judgment entry.

{¶ 39} "A docket is not the same as a journal." *State ex rel. White v. Junkin*, 80 Ohio St.3d 355, 337-338, 686 N.E.2d 267 (1997). "It is the journal entries that are signed by the judge, not the docket entries, that control." *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 19, citing *Cleveland v. Gholston*, 8th Dist. Cuyahoga No. 96592, 2011-Ohio-6164, ¶ 20, fn. 1. "[T]he court's journal entry — rather than the reference to the entry set forth on the computerized docket — controls." *Id.*, citing *State v. Inscho*, 2d Dist. Greene No. 2018-CA-27, 2019-Ohio-809, ¶ 20. To be effective, the court's judgment entry must be journalized. Crim.R. 32(C); *State v. Roscoe*, 8th Dist. Cuyahoga No. 102191, 2015-Ohio-3876, ¶ 7. "To journalize a decision means that certain formal

requirements have been met, i.e., the decision is reduced to writing, a judge signs it, and it is filed with the clerk so that it may become a part of the permanent record of the court." *State v. McDowell*, 150 Ohio App.3d 413, 2002-Ohio-6712, 781 N.E.2d 1057, ¶ 7 (7th Dist.). "Handwritten notations by a municipal judge on a case jacket can rise to the dignity and finality of a 'judgment' when there is also evidence that it has been filed with the clerk of the trial court." *Id.*, citing *State ex rel. White* at 337. "A time-stamped date offers some evidence of its filing." *Id.*

{¶ 40} Here, following the January 10, 2022 status hearing, the court issued a written and signed judgment entry dated January 13, 2022, ordering Kushlak, in part, to permit Inspectors Shockley and Mancuso and Chief Gest to enter the property and inspect the property's exterior and house and garage interiors on January 13, 2022, at 9:00 a.m. This judgment entry was not journalized, however, until a week later, as indicated by its time-stamped date of January 20, 2022. Any modification of Kushlak's community control that was required to be performed prior to the judgment entry's January 20, 2022 journalization is invalid.

{¶ 41} Therefore, the trial court abused its discretion by ordering Kushlak to comply with modified community control conditions that preceded the effective date of its judgment.[7]

{¶ 42} Kushlak's third assignment of error is sustained.

---

[7] We note that modifying or revoking a community control sanction without first determining what caused the offender's failure to comply has also been found to be an abuse of the trial court's discretion. *State v. Bowsher*, 3d Dist. Union No. 14-07-32, 2009-Ohio-6524, ¶ 6.

## B. Constitutional Questions

{¶ 43} In his remaining six assignments of error, Kushlak argues that the municipal court violated his constitutional rights in the January 20, 2022 judgment entry, including his right to due process and protection against double jeopardy. Specifically, Kushlak argues that the court could not modify his community control conditions without providing him notice of a violation, a written statement indicating the nature of the violation, and a preliminary hearing on the issue (assignments of error Nos. 4, 5, 6, and 8). Kushlak also argues that the court violated his right to due process by basing its decision, in part, on the testimony of Chief Gest, who testified at the January 10, 2022 status hearing only to what she had learned from Deputy Chief English, who was unavailable to testify (assignment of error No. 7). Finally, Kushlak argues that the court violated his protection against double jeopardy in the January 20, 2022 judgment entry by imposing more restrictive community control conditions without first finding that he had violated the conditions imposed by the court in the original sentence (assignment of error No. 9).

{¶ 44} "'It is well settled that [appellate courts] will not reach constitutional issues unless absolutely necessary.'" *Cleveland v. Serrano*, 2021-Ohio-1586, 172 N.E.3d 1112, ¶ 40 (8th Dist.), quoting *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9. Accordingly, courts "should avoid reaching a constitutional question when 'other issues are apparent in the record which will dispose of the case on its merits.'" *In re D.S.*, 152 Ohio St.3d 109, 2017-Ohio-8289,

93 N.E.3d 937, ¶ 7, quoting *Greenhills Home Owners Corp. v. Greenhills*, 5 Ohio St.2d 207, 212, 215 N.E.2d 403 (1966).

{¶ 45} Because we have determined that the municipal court's January 20, 2022 judgment entry is invalid for failure to timely journalize it, we need not reach Kushlak's due process and double jeopardy arguments. Therefore, Kushlak's fourth, fifth, sixth, seventh, eighth, and ninth assignments of error are moot. App.R. 12(A)(1)(c).

## III. Conclusion

{¶ 46} On July 22, 2021, the municipal court amended its July 8, 2021 sentencing entry to reflect imposition of a concurrent three-year term of community control on Counts 2, 3, 4, and 5 of the complaint, consistent with C.C.O. 201.99, the ordinance under which Kushlak was sentenced. On November 8, 2021, the municipal court issued a nunc pro tunc order correcting the July 22, 2021 sentencing entry to reflect the dates of Kushlak's offenses from August 26-30, 2019, to October 26-30, 2019. However, the nunc pro tunc entry misidentifies the July 8, 2021 entry, not the July 22, 2021 entry, as the entry needing correction.

{¶ 47} Further, in its January 20, 2022 judgment entry, the municipal court ordered Kushlak to comply with several modified conditions of his community control without journalizing the judgment entry. Prior to journalization, the January 20, 2022 judgment entry is invalid.

{¶ 48} Therefore, the January 20, 2022 judgment entry is vacated, and the matter is remanded to the municipal court to hold a hearing to determine the status

of, not Kushlak's compliance with, the conditions of his community control sanction, and to correct nunc pro tunc the November 8, 2021 nunc pro tunc order to reflect the change to the July 22, 2021 amended sentencing entry, not the July 8, 2021 original sentencing entry.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
LISA B. FORBES, J., CONCUR