[Cite as *Cleveland v. Kushlak*, 2024-Ohio-973.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND, :

    Plaintiff-Appellee, :

                                      No. 112445

    v. :

ANTHONY KUSHLAK, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, MODIFIED IN PART,
                 AND REMANDED
**RELEASED AND JOURNALIZED:** March 14, 2024

---

Criminal Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2020-CRB-007383

---

### *Appearances:*

Mark Griffin, Cleveland Director of Law, and William H.
Armstrong, Jr., Assistant Director of Law, *for appellee.*

Michaela Huth, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Anthony Kushlak ("Kushlak") appeals the municipal court's February 10, 2023 judgment entry. For the following reasons, we

affirm in part, modify in part, and remand for proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 2} On July 21, 2020, the city of Cleveland ("city") filed a five-count complaint in Cleveland M.C. No. 2020-CRB-007383, alleging that Kushlak violated Cleveland Codified Ordinances ("C.C.O.") 203.03 when he failed to comply with the Cleveland Department of Public Health's order to clean the trash littering the ground and exterior of Kushlak's house; maintain sufficient trash receptacles; and abate conditions that attract rodents and other vermin to the property.[1]

{¶ 3} On May 10, 2021, Kushlak pleaded no contest to the charges, and the municipal court found him guilty of all five counts. On June 28, 2021, the municipal court identified the matter as a "hoarding case" and sentenced Kushlak to three years of community-control sanctions on Count 1 and imposed conditions of community control. *See* Judgment Entry, July 8, 2021 ("July 8, 2021 judgment entry"). The July 8, 2021 judgment entry stated the terms of community control would expire on June 28, 2024.

{¶ 4} On July 13, 2021, the city filed an unopposed motion requesting modification and clarification of the July 8, 2021 judgment entry. The city argued that the July 8, 2021 judgment entry erroneously stated — in violation of the relevant sentencing ordinance — that Kushlak's violation of Count 1 was a first-degree

---

[1] The city filed four additional cases — Cleveland M.C. Nos. 2020-CRB-013409, 2020-CRB-13846, 2021-CRB-003173, and 2021-CRB-003172 — but subsequently dismissed those cases.

misdemeanor subject to a three-year community-control sanction and several of the conditions were improper. On July 20, 2021, the municipal court granted the city's motion and an amended judgment entry was journalized on July 22, 2021 ("July 22, 2021 sentencing judgment entry" or "original sentencing judgment entry"), identifying Kushlak's offense on Count 1 as a minor misdemeanor; imposing a three-year community-control sanction on Count 2; and modifying the community-control conditions.[2] The July 22, 2021 sentencing judgment entry included an expiration date for community control of June 28, 2024, and stated the following conditions:

> (a) On or before Thursday, July 1, 2021, [Kushlak] must remove the trash from the driveway, place the trash in the trash bins[,] and move the trash bins onto the front lawn to be picked up by the City of Cleveland.

> (b) [Kushlak] must permit Department of Public Health Inspector and Department of Building and Housing Inspector access to the property so that they can conduct an inspection of the property * * * on or before August 6, 2021.

> (c) [Kushlak] is ordered to get things in order and clean up the property so that it is ready for the inspection on August 6, 2021.

> (d) The Cleveland Animal Protective League inspection of the property should be conducted after the Department of Building and Housing Inspector has conducted an interior inspection of the property.

> (e) [Kushlak] must coordinate with Community Work Service to clean the property[,] including the garage[,] of all junk and debris on or before August 30, 2021.

---

[2] The municipal court's subsequent November 8, 2021 nunc pro tunc judgment entry however, reflects that Kushlak was sentenced to community-control sanctions on Counts 2, 3, 4, and 5.

(f) [Kushlak] must continue to coordinate and cooperate with the Benjamin Rose Institute on Aging.

(g) The Benjamin Rose Institute on Aging is required to provide the Court with a report on [Kushlak's] progress at the next hearing on September 16, 2021[,] at 3:00 p.m.

(h) [Kushlak] must appear in court for the next hearing on September 16, 2021[,] at 3:00 p.m.

July 22, 2021 sentencing judgment entry.

{¶ 5} On September 20, 2021, and October 25, 2021, the municipal court conducted status hearings and issued corresponding judgment entries. The September 25, 2021 and October 27, 2021 judgment entries stated Kushlak's terms of community control would expire on May 17, 2023.[3] The municipal court's November 5, 2021 judgment entry, and all subsequent judgment entries, indicated Kushlak's community control would expire on June 28, 2024. The judgment entries do not indicate the reasoning for the changes in the termination date. The municipal court conducted additional status hearings on December 13, 2021, January 10, 2022, January 24, 2022, and February 6, 2022.

{¶ 6} On February 9, 2022, Kushlak appealed the municipal court's January 20, 2022 judgment entry in *Cleveland v. Kushlak*, 2022-Ohio-4402, 203 N.E.3d 160 (8th Dist.) ("*Kushlak I*"). This court remanded the matter and instructed the municipal court to (1) issue a nunc pro tunc order on the November 8, 2021 nunc

---

[3] The record includes a handwritten cover sheet for each judgment entry. On the handwritten form related to the October 27, 2021 judgment entry, the expiration date for community control term is "whited out" and reflects an expiration date of June 28, 2024. Yet, the October 27, 2021 journalized judgment entry indicates the community control term expires on May 17, 2023.

pro tunc judgment entry, (2) invalidate the January 20, 2022 judgment entry, and (3) conduct a hearing on the status of the conditions of community-control sanctions imposed against Kushlak.

{¶ 7} On January 10, 2023, following the release of this court's opinion in *Kushlak I*, the housing court held a status hearing and issued the mandated nunc pro tunc judgment entry. Present at the hearing were Kushlak via Zoom; counsel for both Kushlak and the city; Ed Tytko ("Tytko"), the senior initiative coordinator of the city of Cleveland; Inspector Mancuso ("Mancuso") of the Department of Health; Inspector Shockley ("Shockley") of the Department of Building and Housing; and compliance specialist Carl Kannenberg ("Kannenberg"). The court and parties agreed that according to *Kushlak I* the purpose of the hearing was to address the status of Kushlak's conditions of community control rather than Kushlak's compliance with those conditions. Those present discussed which judgment entry identified the pending conditions of community control since the January 20, 2022 judgment entry — the previously controlling judgment entry — was vacated by *Kushlak I*.

{¶ 8} According to the municipal court's statements, the controlling community-control conditions were those referenced in the July 22, 2021 sentencing judgment entry. We note that the July 22, 2021 sentencing judgment entry was corrected first by the November 8, 2021 nunc pro tunc judgment entry and then again by January 10, 2023 nunc pro tunc judgment entry ("January 10,

2023 judgment entry") and, therefore, the January 10, 2023 judgment entry became the prevailing sentencing judgment entry.[4]

{¶ 9} On February 6, 2023, the municipal court conducted a status hearing that was attended by Kushlak via Zoom; counsel for both Kushlak and the city; Tytko; Mancuso; and Kannenberg. Kannenberg testified that he obtained photographs of the exterior of Kushlak's property on February 2, 2023. Defense counsel argued the photographs demonstrated the exterior of the property complied with the housing codes. The municipal court refused to review the photographs: "I don't want to see pictures of the backyard taken, no." February 6, 2023 hearing, tr. 18. The municipal court stated its current order would relate back to the original July 22, 2021 sentencing judgment entry, which, as we stated earlier, is now represented by the nunc pro tunc entry issued on January 10, 2023.

{¶ 10} The municipal court issued a judgment entry that was journalized on February 10, 2023, and provided the following terms and conditions of community control:

> A. The terms of community control is [sic] active and is [sic] set to expire on June 28, 2024.
>
> B. [Kushlak] is informed community control conditions include the duties to:
>
>> 1. Abide by the law and misdemeanor community control sanctions. O.R.C. Section 2929.25(D)(2)(a)-(c);
>>
>> 2. Comply with the Court's general probation requirements

---

[4] The parties do not raise nor do we address the merits of the trial court's decision to revert back to the community-control conditions originally imposed by the court.

outlined in Housing Div. Loc.R. 2.18, a copy of which is attached to this entry, including keeping all properties owned by Defendant and located with [sic] the City of Cleveland and Village of Bratenahl in good repair and in compliance with local codes; and

3. Report to and cooperate with the assigned community control officer.

C. As conditions of community control, the Court ORDERS the following:

1. The maximum aggregated fine of $4,150.00 is stayed as long as [Kushlak] complies with the community control orders of the Court.

2. The maximum jail sentence of eighteen (18) months is stayed as long as [Kushlak] complies with the community control orders of the Court.

3. [Kushlak] is ordered to continue attending his doctor appointments with the Parma VA Clinic for mental health treatments including treatment for hoarding.

4. [Kushlak] is ordered to provide a summary of the treatment being provided by the Parma VA Clinic. This is requested to see if [Kushlak] is receiving treatment for his hoarding diagnosis.

5. [Kushlak] is ordered to ensure that all of the trash on the exterior of the property is put in trash bins and placed on the tree lawn for the City of Cleveland's weekly trash collection to remove trash.

6. [Kushlak] is ordered to allow the City of Cleveland Department of Building and Housing Inspector Michael Shockley access to the property and the garage, located at 1714 Treadway Avenue, Cleveland, Ohio 44109, to conduct interior and exterior inspections.

7. [Kushlak] is ordered to allow the City of Cleveland Department of Public Health Inspector Alan Mancuso access to the property and the garage, located at 1714 Treadway Avenue, Cleveland, Ohio 44109, to conduct interior and exterior inspections.

8. [Kushlak] is ordered to remain in communication with Housing Court Compliance Specialist Carl Kannenberg and his attorney of record from the Cuyahoga County Public Defender's Office.

9. [Kushlak's] failure to comply with the orders of this Court may result in a contempt finding and possible jail time. O.R.C. 2929.25(D)(2)(c).

10. With [Kushlak] having a new medical diagnoses that contributes to hoarding behavior, the Court reserves the right to have ongoing modifications of this order to assist [Kushlak] with bringing the property into code compliance. O.R.C. 2929.24(A)(1)(b).

11. [Kushlak] must appear in-person at court for the next hearing on March 6th, 2023 at 2:30 pm.

Judgment Entry, February 10, 2023.

{¶ 11} On February 23, 2023, Kushlak filed a motion to stay the February 10, 2023 judgment; the municipal court denied the motion on the same day. On February 28, 2023, Kushlak filed a timely notice of appeal, and this court temporarily granted Kushlak's emergency stay of the municipal court's February 10, 2023 order. On March 22, 2023, this court, sua sponte, stayed the interior inspection of Kushlak's home pending the appeal and found that the portion of the February 10, 2023 judgment entry that pertained to the exterior of the property was not stayed.

{¶ 12} Kushlak's appeal presents these assignments of error for our review:

First Assignment of Error: The trial court abused its discretion when it modified Appellant Anthony Kushlak's conditions of community control without finding he violated the conditions of community control.

Second Assignment of Error: The trial court abused its discretion when it modified Appellant Anthony Kushlak's conditions of community control, without providing him with a notice of the alleged violations.

Third Assignment of Error: The trial court abused its discretion when it modified Appellant Anthony Kushlak's conditions of community control without providing him with a written statement of the evidence relied upon and the reasons for revoking probation.

Fourth Assignment of Error: The trial court abused its discretion when it failed to hold a preliminary hearing prior to modifying Anthony Kushlak's community controls conditions.

Fifth Assignment of Error: The trial court abused its discretion when it extended the duration of community control from May 17, 2023[,] to June 28, 2024[,] without following the mandated procedures for finding a probation violation.

**Legal Analysis**

{¶ 13} In his first assignment of error, Kushlak argues that the municipal court abused its discretion with its February 10, 2023 judgment entry that modified Kushlak's original conditions of community control without first making a finding that Kushlak violated the terms of his community control. The city contends that the municipal court declared in open court on February 6, 2023, that Kushlak was "still sitting in violation of community control." February 6, 2023 hearing, Tr. 15. The city contends that based upon the finding of a violation, the municipal court was authorized to modify Kushlak's community-control conditions pursuant to R.C. 2929.25. Additionally, the city argues that any modification listed in the February 10, 2023 judgment entry is not substantive in nature and the order for an interior inspection is reasonable.

{¶ 14} We analyze R.C. 2929.25(A)(1)(a) to demonstrate that the municipal court was not required to find Kushlak violated the community-control conditions imposed under the January 10, 2023 judgment entry before the court could modify those conditions.

{¶ 15} The municipal court sentenced Kushlak to community-control sanctions and conditions for his misdemeanor offenses pursuant to R.C. 2929.25(A)(1)(a), that reads as follows:

> (A)(1) Except as provided in sections 2929.22 and 2929.23 of the Revised Code or when a jail term is required by law, in sentencing an offender for a misdemeanor, other than a minor misdemeanor, the sentencing court may do either of the following:
>
> (a)Directly impose a sentence that consists of one or more community control sanctions authorized by section 2929.26, 2929.27, or 2929.28 of the Revised Code. The court may impose any other conditions of release under a community control sanction that the court considers appropriate. If the court imposes a jail term upon the offender, the court may impose any community control sanction or combination of community control sanctions in addition to the jail term.[5]

A trial court that imposes a term of community control under R.C. 2929.25(A)(1)(a) retains jurisdiction over the offender for the duration of the community-control sentence. Additionally, when a trial court sentences an offender under R.C. 2929.25(A)(1)(a), the court may, upon its own motion or the motion of a party,

---

[5] Under R.C. 2929.25(A)(1)(b), a trial court may also impose a jail term on misdemeanor offenders and suspend all or a portion of the jail term and impose community-control sanctions. Here, the municipal court sentenced Kushlak to community-control conditions under R.C. 2929.25(A)(1)(a) rather than under R.C. 2929.25(A)(1)(b).

modify, substitute, or impose additional community-control sanctions or conditions:

> (B) If a court sentences an offender to any community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the sentencing court retains jurisdiction over the offender and the period of community control for the duration of the period of community control. Upon the motion of either party or on the court's own motion, the court, in the court's sole discretion and as the circumstances warrant, may modify the community control sanctions or conditions of release previously imposed, substitute a community control sanction or condition of release for another community control sanction or condition of release previously imposed, or impose an additional community control sanction or condition of release.

R.C. 2929.25(B).

{¶ 16} The imposition of a modified, substituted, or additional sanction or condition pursuant to R.C. 2929.25(B) does not require the trial court to make an initial finding that the offender violated his or her terms of community control; the trial court is statutorily permitted to impose reasonable changes. However, the sentencing court must first find the offender violated a condition of community-control sanctions before it imposes one of the three harsher penalties enumerated in R.C. 2929.25(D)(2) — a longer time under the same community-control sanction; a more restrictive community-control sanction; or a combination of community-control sanctions, including a jail term.

{¶ 17} The harsher penalties under R.C. 2929.25(D)(2) read as follows:

> (D)(2) Except as provided in division (D)(3) of this section, if an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator one or more of the following penalties:

(a) A longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section;

(b) A more restrictive community control sanction;

(c) A combination of community control sanctions, including a jail term.

R.C. 2929.25(D)(2)(a)-(c).

{¶ 18} In evaluating Kushlak's first assignment of error, we initially determine whether the municipal court sentenced Kushlak under R.C. 2929.25(A)(1)(a). If so, we must then determine whether (1) the municipal court's February 10, 2023 judgment entry modified Kushlak's community-control sanctions or conditions pursuant to R.C. 2929.25(B) and, therefore, did not require the court to make an initial finding that Kushlak violated his terms of community control, or (2) the February 10, 2023 judgment entry imposed one of the three penalties delineated in R.C. 2929.25(D)(2)(a)-(c). If the municipal court imposed an R.C. 2929.25(D)(2) penalty — a longer time under the same community-control sanction, a more restrictive community-control sanction, or a combination of community-control sanctions, including a jail term — the court was required to have first found Kushlak violated his community-control sanctions prior to imposing the new condition.

{¶ 19} A review of the record shows that the municipal court sentenced Kushlak under R.C. 2929.25(A)(1)(a). Pursuant to that statute, the municipal court

retained jurisdiction over Kushlak for the duration of his sentence, which was through June 28, 2024. On February 10, 2023, the municipal court modified, substituted, or added community-control conditions as permitted under R.C. 2929.25(B). The community-control conditions imposed by the February 10, 2023 judgment entry did not qualify as one of the three penalties enumerated in R.C. 2929.25(D)(2), that would have required the court to make an initial violation finding. Thus, the municipal court was not obligated to find Kushlak violated his community-control conditions before issuing the February 10, 2023 judgment entry.

{¶ 20} In support of his contention that the municipal court lacked jurisdiction to modify his terms of community control without first finding he violated those terms, Kushlak relies on *State v. Saxon*, 8th Dist. Cuyahoga No. 104295, 2017-Ohio-93, *Bay Village v. Barringer*, 8th Dist. Cuyahoga No. 102432, 2015-Ohio-4079, and *Walton Hills v. Olesinski*, 8th Dist. Cuyahoga No. 109032, 2020-Ohio-5618. These cases are distinguishable because the offenders in *Saxon*, *Barringer*, and *Olesinski*, were sentenced under statutes other than R.C. 2929.25(A)(1)(a), the sentencing statute followed in the instant matter.

{¶ 21} This court stated in *Saxon* that "[a] trial court lacks jurisdiction to alter the final sentence unless it determines the defendant violated the terms of community control as imposed in the final sentencing entry." *Saxon* at ¶ 12, citing *Barringer* at ¶ 8. However, *Saxon* dealt with a felony offender, not a misdemeanor offender, who was sentenced to community-control sanctions under R.C.

2929.15(B).  R.C. 2929.15(B) does not authorize a sentencing court to impose additional terms of community control without first finding a sanction violation, nor does the statute apply to a misdemeanor offender such as Kushlak.  *Saxon* at ¶ 12. In contrast to *Saxon* and R.C. 2929.15(B), where a court sentences a misdemeanor offender to community-control sanctions pursuant to R.C. 2929.25(A)(1)(a) — as the court did with Kushlak — the court retains jurisdiction to modify, substitute, or impose an additional community-control sanction or condition of release without first finding a violation of community-control sanctions or conditions.  *See* R.C. 2929.25(B).

{¶ 22} Likewise, in *Barringer* and *Olesinski*, the trial courts imposed suspended jail terms and community-control sanctions to misdemeanor offenders under R.C. 2929.25(A)(1)(b).  Where an offender is sentenced under R.C. 2929.25(A)(1)(b) — rather than R.C. 2929.25(A)(1)(a) like Kushlak — R.C. 2929.25(B) is not applicable and, therefore, the sentencing court cannot modify, substitute, or impose additional sanctions on its own motion.  *Barringer* at ¶ 8; *Olesinski* at footnote 3.  Because R.C. 2929.25(B) did not apply in *Barringer* and *Olesinski*, the trial courts lacked jurisdiction to modify community-control sanctions or conditions without first finding the offender violated his or her sanctions.  No such limitation applies here where Kushlak was sentenced under R.C. 2929.25(A)(1)(a), and the municipal court retained jurisdiction under R.C. 2929.25(B) to modify sanctions or conditions.

{¶ 23} We find that Kushlak's first assignment of error is without merit and is overruled. Yet, while we find that the municipal court did not impose one of the three harsher penalties listed under R.C. 2929.25(D)(2), the February 10, 2023 judgment entry created confusion as to what community-control conditions were imposed. For example, the municipal court did not impose a jail sentence or fine on Kushlak during the February 10, 2023 status hearing, yet the corresponding judgment entry "orders" these two community-control conditions:

> (C)(1) The maximum aggregated fine of $4,150.00 is stayed as long as Defendant complies with the community control orders of the Court.
>
> (C)(2) The maximum jail sentence of eighteen (18) months is stayed as long as Defendant complies with the community control orders of the Court.

Paragraphs (C)(1) and (2) state the court stayed a fine and jail sentence but our reading of the record shows the municipal court did not impose either.

{¶ 24} Our review of the February 10, 2023 judgment entry and related transcript indicate that the municipal court included paragraphs (C)(1) and (C)(2) to inform Kushlak that the court could impose a fine or jail time should he violate his community-control sanctions in the future. Such advisements were also previously provided in the January 10, 2023 judgment entry that reads, verbatim:

> Defendant is informed that upon a finding of violation of the terms of community control the Court may
>
> - Impose community control up to five years in total.
> - Impose more restrictive community control sanctions under R.C. 2929.26-28, including increased financial sanctions (fines); and/or
> - Impose a definite jail term authorized for the original offense.

- The maximum financial sanction that the Court may impose upon Defendant in this case is $4,150.00. The maximum jail term is 18 months.

Additionally, the sentencing portion of the January 10, 2023 judgment entry clearly states that the court imposed community-control sanctions but not jail time or fines.

{¶ 25} The municipal court's inclusion of paragraphs (C)(1) and (C)(2) is, at a minimum, misleading. Pursuant to App.R. 12(A)(1), we modify the trial court's February 10, 2023 judgment entry and remand with instructions for the municipal court to issue a corrected journal entry that excludes paragraphs (C)(1) and (C)(2).

{¶ 26} We will address Kushlak's second, third, and fourth assignments of error collectively.

{¶ 27} The second, third, and fourth assignments of error are premised on Kushlak's argument that the municipal court conducted a probation revocation hearing on February 6, 2023. Kushlak contends the municipal court abused its discretion when it modified his community-control conditions without first determining whether he violated his preexisting community-control conditions. Specifically, Kushlak argues that the municipal court abused its discretion when it (1) failed to provide written notice of the alleged violations, (2) failed to provide a written statement by the fact finder of the evidence relied upon and reasons for revocation, and (3) failed to hold a preliminary hearing. As shown by our discussion of the first assignment of error, the municipal court did not revoke Kushlak's community-control sanctions or conditions but modified them on its own motion as

permitted under R.C. 2929.25. Thus, Kushlak's second, third, and fourth assignments of error are without merit and are overruled.

{¶ 28} In his fifth assignment of error, Kushlak argues that the municipal court's February 10, 2023 judgment entry erroneously extended Kushlak's original term of community-control sanctions through June 28, 2024 — rather than through May 17, 2023 — without first making a finding that Kushlak violated his community-control sanctions or conditions. An extension of the length of time of a misdemeanor offender's community-control sanction is a penalty under R.C. 2929.25(D)(2) and cannot be imposed unless the trial court first finds the offender violated his community-control conditions.

{¶ 29} A review of Kushlak's original sentence, as reflected in the July 22, 2021 sentencing judgment entry, shows his community control was initially set to expire on June 28, 2024. For no apparent reason, the September 24, 2021 and October 25, 2021 judgment entries specified May 17, 2023, as the expiration date for Kushlak's community control. The municipal court's judgment entry issued on November 10, 2021 — and all subsequent judgment entries — stated Kushlak's terms of community control would expire on June 28, 2024. We do not find that the February 10, 2023 judgment entry listed an extension of Kushlak's community-control sanctions. Kushlak's fifth assignment of error is without merit and is overruled.

{¶ 30} We note that this court is constrained by the assignments of error raised by Kushlak that all stem from the argument that the municipal court

erroneously modified Kushlak's community-control conditions without first conducting a hearing to find he violated his preexisting conditions. While we find that the municipal court was authorized to modify Kushlak's community-control conditions, "a trial court's discretion in imposing [community-control] conditions is not limitless." *State v. Talty*, 103 Ohio St.3d 177, 2003-Ohio-4888, 814 N.E.2d 1201, ¶ 11, citing *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990). If Kushlak had argued that the inspections did not meet the three-prong test identified by the Ohio Supreme Court in *Jones* ("*Jones* test"), this court may have found those new conditions constituted an abuse of discretion.

{¶ 31} Judgment affirmed in part, modified in part, and remanded. On remand, the municipal court is instructed to correct the February 10, 2023 judgment entry with the only modification being the deletion of paragraphs (C)(1) and (C)(2) that read as follows:

> (C)(1) The maximum aggregated fine of $4,150.00 is stayed as long as Defendant complies with the community control orders of the Court.
>
> (C)(2) The maximum jail sentence of eighteen (18) months is stayed as long as Defendant complies with the community control orders of the Court.
>
> It is ordered that appellant recover of appellee costs herein taxed.
>
> The court finds there were reasonable grounds for this appeal.
>
> It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
LISA B. FORBES, J., CONCUR